**DLD-001**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1155
_____

UNITED STATES OF AMERICA

v.

EFRAIN TROCHE-RIVERA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:16-cr-00348-002)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2022

Before: JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed: October 14, 2022)
_____

OPINION*
_____

**PER CURIAM**

   Efrain Troche-Rivera, currently serving a sentence at FCI Allenwood in

Pennsylvania, appeals pro se from the District Court's order denying his motion for

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm.[1]

In 2017, Troche-Rivera pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. He was sentenced to the mandatory minimum of 10 years' imprisonment. Troche-Rivera did not file a direct appeal. He later unsuccessfully challenged his conviction and sentence under 28 U.S.C. § 2255, see ECF Nos. 105 & 106, and did not appeal the District Court's denial of relief. In April 2021, he filed his first motion for compassionate release pursuant to 18 U.S.C. § 3582(c), arguing that his preexisting medical conditions increased the risk posed to him by COVID-19. The District Court appointed counsel, who filed briefs in support of the motion. Ultimately, the District Court denied the motion, finding that Troche-Rivera had not presented extraordinary and compelling circumstances to qualify for release. See ECF No. 128. Troche-Rivera did not appeal.

Troche-Rivera filed his second motion for compassionate release in November 2021. The District Court again denied relief, explaining that although he had "arguably presented extraordinary and compelling reasons justifying his early release," the sentencing factors set forth in 18 U.S.C. § 3553(a) weighed against release. ECF No. 130

---

[1] Although we have entertained the motion, we remind the Government that such a motion should typically be filed before the appellant's opening brief is due. See 3d Cir. L.A.R. 27.4(b).

at 1. Troche-Rivera appeals and has filed an opening brief. The Government has moved for summary affirmance of the District Court's order.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying the motion under § 3582 for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the sentencing factors in § 3553(a). See § 3582(c)(1)(A); see also Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release"). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford

3

adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

Here, Troche-Rivera's arguments on appeal are meritless. First, he again asserts that he presented extraordinary and compelling reasons for release based on his medical conditions, ignoring that the District Court agreed that he "arguably" had done so when denying relief and rested the denial instead on the independently dispositive question of the sentencing factors. Second, he claims that the District Court's analysis of the § 3553(a) sentencing factors demonstrated an improper reliance on a nonbinding policy statement of the United States Sentencing Commission. But the requirement that a district court weigh the sentencing factors before granting compassionate release derives from the statute itself, not from the policy statement. See § 3582(c)(1)(A) (authorizing a sentencing court to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a)"). Third, he claims that sentencing changes brought about by the First Step Act should have some influence on the decision to grant him compassionate release but, as the Government notes, the mandatory minimum sentence he is currently serving was not altered by the First Step Act. See Gov't Mot. Summary Affirmance 4 n.1.

Finally, to the extent that Troche-Rivera disagrees with the District Court's weighing of the § 3553(a) factors, he has not presented any argument to prompt "a definite and firm conviction" that the District Court clearly erred. Pawlowski, 967 F.3d at 330. As the order denying his motion stated, Troche-Rivera "was convicted for his role in a serious drug-trafficking conspiracy involving distribution of substantial amounts of

4

cocaine and was found in possession of a firearm at the time of his arrest, and further . . . he has a long criminal history and has committed multiple institutional infractions while incarcerated." ECF No. 130 at 1; <u>see also</u> Gov't Mot. Summary Affirmance 8 n.2 (summarizing Troche-Rivera's criminal history and institutional infractions). The District Court's reliance on these facts was proper.

Accordingly, Troche-Rivera's appeal does not present a substantial question, and we will summarily affirm the District Court's order.